**UNITED STATES of America,
Appellee,**

v.

**Patricia A. BETTIS, Defendant–
Appellant.**

**No. 00–1050.**

United States Court of Appeals,
Second Circuit.

Dec. 28, 2001.

Bruce R. Bryan, Syracuse, NY, for Defendant–Appellant.

Barbara D. Cottrell, Assistant United States Attorney (Joseph A. Pavone, United States Attorney for the Northern District of New York, on the brief), Albany, NY, for appellee.

Present POOLER, SOTOMAYOR, and PARKER, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Defendant Patricia A. Bettis appeals from the January 7, 2000, judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, Judge) sentencing her principally to 33 months imprisonment following her plea of guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341. On June 22, 1999, Bettis signed a plea agreement with the government in which she, among other things, admitted to certain criminal conduct and agreed to waive her right to appeal her conviction and sentence. On June 25, 1999, Bettis pleaded guilty to a one-count information charging her with mail fraud. According to the government, between September 1995 and January 1997, Bettis, a bookkeeper for Carlton Motors, Inc. of Hallstead, Pennsylvania, obtained a total of approximately $100,000 by using a fraudulent Visa credit card to make purchases and obtain cash advances, making fraudulent warranty claims that generated payments to her boyfriend's business, and writing false checks to herself and others on the Carlton Motors bank account. Bettis used her bookkeeping position and the U.S. mail to facilitate the commission of her crime.

After pleading guilty, Bettis met with a U.S. Probation Officer who was preparing a pre-sentence investigation report for the district court. Bettis' attorney was not present during the interview. During the interview, Bettis gave a different account of criminal activity than what the government had alleged, stating, among other things, that her employer gave her the credit card to use, that she used the funds from the checks for proper purposes and that her employer was involved in other fraudulent activity. As a result of these statements, the probation officer recommended that the district court not grant Bettis a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. At sentencing proceedings on October 22, 1999, and January 5, 2000, the district court heard argument on this and other issues, declined to grant Bettis credit for acceptance of responsibility and sentenced her on January 5, 2000, to 33 months imprisonment, 5 years supervised release, $84,632.33 restitution, and $100 special assessment. Bettis now appeals her sentence.

**46**

Bettis argues first that the waiver of appeal in her plea agreement does not prevent this appeal because the provision does not apply to her unlawful sentence, is ambiguous and unenforceable, was not the product of her knowing, intelligent and voluntary decision, does not apply to her appeal based on ineffective assistance of counsel, and is superseded either by the government's breach of the plea agreement or the district court's advising her of her right to appeal. Without further argument, the government labels defendant's contentions as "facially specious." The government also notes that it no longer uses the waiver provision at issue here. Without ruling on the validity of the waiver provision, we decide Bettis' appeal on its merits.

■ Bettis argues next that the district court erred when it refused to decrease her offense level calculation by a total of three levels for her acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). According to defendant, the statements that she made upon her plea of guilty and at sentencing were consistent with the government's version of her culpable conduct and outweighed the uncounseled statements that she made to the probation officer. Bettis notes that her failure to seek to withdraw her guilty plea further demonstrates her acceptance of responsibility and that the Section 3E1.1 reduction was her only incentive for pleading guilty. The district court's determination of defendant's acceptance of responsibility is a factual finding entitled to great deference on review and one that we reverse only if it is "without foundation." *United States v. Giwah*, 84 F.3d 109, 112 (2d Cir.1996). According to the Sentencing Guidelines' commentary, "[a] defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." U.S.S.G. § 3E1.1, com-

ment. (n.3). The district court's factual finding here certainly was not "without foundation." Rather, the district court considered defendant's statements regarding the offense of conviction and held that "the books and records of the [Carlton Motors] company belie what you say in terms of what you did and didn't do." We affirm the district court's decision.

■ Finally, Bettis contends that she received ineffective assistance of counsel when her attorney failed to appear during her pre-sentence interview with the probation officer and that she suffered prejudice as a result because she lost the benefit of a Section 3E1.1 adjustment. In order to prove ineffective assistance of counsel, defendant must show (1) "that counsel's representation fell below an objective standard of reasonableness;" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As Bettis acknowledges, it is an open issue in this circuit whether a defendant's Sixth Amendment right to counsel even attaches during the pre-sentence interview. *See United States v. Cortes*, 922 F.2d 123, 127–28 (2d Cir. 1990). While the record before us establishes the fact of counsel's absence from the pre-sentence interview, it provides no information regarding the reasons for his absence and gives no indication that the government failed to honor a request from Bettis or her counsel for the attorney's presence. We therefore are in no position to determine whether counsel's performance in this case was objectively unreasonable. Despite defendant's invitation to do so, we can not conclude as a matter of law that an attorney's conduct is unreasonable when he fails to accompany his client during the pre-sentence interview, espe-

cially given the unsettled nature of the Sixth Amendment implications of the interview.

Moreover, we hold that Bettis failed to establish prejudice flowing from counsel's absence. *Cf. United States v. Workman,* 110 F.3d 915, 920 (2d Cir.1997) (rejecting ineffective assistance claim where counsel consented to late delivery of pre-sentence report and absence of defendant interview in preparation of the report because defendant failed to show reasonable probability that his sentence would have been different). Defendant speculates that the presence of counsel would have "guided" her to make statements to the probation officer that were more consistent with her guilty plea. We find this speculation particularly unfounded because defense counsel during sentencing stated that Bettis' statements throughout the criminal proceedings-statements to police investigators, to the probation office, and to the court-were consistent. While counsel argued that the difference between the government's view of Bettis' criminal activity and defendant's view of her activity was immaterial, neither counsel nor Bettis herself denied the accurate reporting of her views in the pre-sentence report.

We have considered all of defendant-appellant's remaining arguments and find them to be without merit.